**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SARAH BOUZEKRI, *on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>GREAT DANE OPCO, LLC,<br>    d/b/a GREAT NORTHERN FOOD HALL, and BRYAN FLODMAND,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

---

Plaintiff SARAH BOUZEKRI ("Plaintiff BOUZEKRI", or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, GREAT DANE OPCO, LLC., d/b/a GREAT NORTHERN FOOD HALL ("Corporate Defendant"), and BRYAN FLODMAND ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

### INTRODUCTION

1.  Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), she and others similarly situated are entitled to recover from Defendants:

1

(1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid wages, including overtime, due to time shaving; (3) liquidated damages; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary; (2) unpaid wages, including overtime, due to time shaving; (3) unpaid spread of hours premium; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

3. Plaintiff also alleges she was deprived of her statutory rights on the basis of her sex as a result of Defendants' discriminatory practices in violation of New York State Human Rights Law, New York Executive Law § 296 *et seq*. ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendant to recover: (1) compensatory damages; (2) punitive damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff SARAH BOUZEKRI is a resident of New York County, New York.

7. Defendants owned and operated a Restaurant (the "Restaurant"), which was located inside of Grand Central terminal. The Restaurant also included a bakery, bar, and a deli.

8. Corporate Defendant GREAT DANE OPCO, LLC d/b/a GREAT NORTHERN FOOD HALL is a foreign business corporation with an address for service of process located at 1360 Clifton Ave, PMB 405, Clifton, New Jersey 07012, and a principal place of business at 89 East 42nd Street, New York, New York 10017.

9. Individual Defendant BRYAN FLODMAND is the Chief Executive Officer of Corporate Defendant GREAT DANE OPCO, LLC d/b/a GREAT NORTHERN FOOD HALL. Defendant BRYAN FLODMAND exercises operational control as it relates to all employees, including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant BRYAN FLODMAND frequently visits the GREAT NORTHERN FOOD HALL. Defendant BRYAN FLODMAND exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, employees of the GREAT NORTHERN FOOD HALL could complain to Defendant BRYAN FLODMAND directly regarding any of the terms of their employment, and Defendant BRYAN FLODMAND would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedules, compensation, terminating or hiring such employees, or designate others to effect any changes. Defendant BRYAN FLODMAND exercised functional control over the business and financial operations of Corporate Defendant. Defendant BRYAN FLODMAND had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and the Class.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to misclassified managers, waiters, servers, bartenders, bussers, cashiers, counter people, cooks, bakes, and dishwashers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid wages, including overtime, due to a fixed salary; (ii) unpaid wages, including overtime, due to time shaving; (iii) liquidated damages; and (v) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names

and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including but not limited to misclassified managers, waiters, servers, bartenders, bussers, cashiers, counter people, cooks, bakes, and dishwashers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to

5

an improper fixed salary; (ii) failing to pay wages, including overtime, due to time shaving; and (iii) unpaid spread of hours premium; (iv) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (v) failing to provide proper wage statements per requirements of NYLL.

20. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

e) Whether Defendants compensated Plaintiff and Class Members on an illegal fixed salary basis;

f) Whether Defendants caused time shaving by not paying Plaintiff and Class Members for all actual hours worked, including for meal breaks that were not fully taken;

g) Whether Defendants paid Plaintiff and Class Members the New York State "spread of hours" premium when their workdays exceeded ten (10) hours;

h) Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

i) Whether Defendants provided proper wage statements to employees as required under NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

25. Plaintiff BOUZEKRI wase employed by Defendants from in or around December 2019 until in or around January 2020. Plaintiff BOUZEKRI was initially hired as a manager at Defendants' Restaurant, located in Grand Central Terminal at 89 East 42nd Street, New York, New York 10017.

26. Prior to Plaintiff BOUZEKRI stepping into her role as manager of the Restaurant, Plaintiff BOUZEKRI was required to engage in training for the first two (2) weeks. As part of

Plaintiff BOUZEKRI's training, she performed no managerial duties, but instead, performed duties as a waitress/server, and bartender at the Restaurant.

27. At the conclusion of this training period, Plaintiff BOUZEKRI then began her duties as a manager for the last two (2) weeks of her employment. Despite her manager title, Plaintiff's tasks were that of a deli cashier. As a manager Plaintiff had no management authority as she was still learning on the job and was not able to hire/fire employees, supervise employees, etc.

28. During her two (2) weeks of training period, Plaintiff BOUZEKRI worked from 9:00 a.m. to 5:00 p.m., eight (8) hours a day for five (5) days a week, for a total of forty (40) hours per week. Following her training, Plaintiff BOUZEKRI worked ten (10) to twelve (12) hours a day for five (5) days a week, for a total of fifty (50) to sixty (60) hours per week. FLSA Collective Plaintiffs, and Class Members worked similar hours.

29. During this training time, Plaintiff BOUZEKRI was compensated on an hourly rate of fifteen dollars ($15) per hour. After her training period, Plaintiff BOUZEKRI was compensated at a fixed salary basis of fifty-eight thousand dollars ($58,000) per year. However, at all times, there was never any agreement that Plaintiff's fixed weekly salary was intended to cover the overtime hours in excess of forty (40) that she worked. At all times, Plaintiff BOUZEKRI was paid by weekly checks.

30. Throughout their employment with Defendants, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not always paid the overtime premium of one-and-one-half times their regular rate of pay for their hours worked in excess of forty (40) per week due to an improper fixed salary and time shaving, as required under the FLSA and NYLL.

31. Throughout her employment with Defendants, Plaintiff was time shaved and not compensated for all her hours worked. Plaintiff was subject to a thirty (30) minute meal break deduction. Plaintiff regularly could not take full meal breaks as Defendants required Plaintiff to perform work while she was supposed to be on break. Despite, not taking her full break Plaintiff was always deducted thirty (30) minutes from their wages. As a result, Plaintiff was time shaved a total two point five (2.5) hours per week. FLSA Collective Plaintiffs, and Class Members also suffered similarly from Defendants' illegal time shaving policy because they were not paid for all hours worked, including for meal breaks that were not fully taken.

32. Plaintiff and Class Members regularly worked days that exceeded ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class Members the spread of hours premium for workdays that exceeded ten (10) hours in length.

33. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interests in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

34. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and

continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

35. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek due to paying a fixed salary and due to time shaving, in violation of the FLSA and NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff and Class Members as required under the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

*Discrimination Claims*

38. A few months prior to beginning her employment with Defendants, Plaintiff BOUZEKRI had given birth on or about June 2019. During her employment, Plaintiff BOUZEKRI made Defendants aware of the recent birth of her child and her need for accommodations to periodically express breast milk throughout her shifts.

39. Despite Defendants being aware of this, other managers and Plaintiff BOUZEKRI's supervisors would constantly harass and question her on her whereabouts throughout her shifts, even if she was only gone for a few minutes to express breast milk.

40. Plaintiff BOUZEKRI's supervisors would exclaim to her "Where were you? You're not on the floor" Additionally, they would tell her, "Customers are complaining that you're not on the floor enough!"

41. Plaintiff BOUZEKRI's overseeing manager also harassed Plaintiff BOUZEKRI with these same types of complaints. Plaintiff BOUZEKRI's manager Cia [LNU] would say to Plaintiff BOUZEKRI repeatedly "You're not on the floor enough!" These comments and complaints caused Plaintiff BOUZEKRI a great deal of stress and anxiety.

42. When she was hired, Plaintiff BOUZEKRI informed her managers that she was a breastfeeding mom and would need to be accommodated with time for expressing breast milk. Defendants hired Plaintiff BOUZEKRI, aware of her circumstances and her need for an accommodation. Yet, nevertheless, Defendants continuously discriminated against Plaintiff BOUZEKRI simply because she was exercising her rights under the law to express breast milk.

43. While Plaintiff BOUZEKRI was employed by Defendants, despite Defendants' reprimands, Plaintiff BOUZEKRI only stepped away from her duties at most three (3) times per day, and each time for no more than ten (10) to fifteen (15) minutes each time in order to express breast milk. Given that she worked shifts lasting eight (8) hours in duration while in training and lasting between ten (10) to twelve (12) hours as a manager, this was not an unreasonable accommodation for Defendants to provide.

44. When Plaintiff BOUZEKRI complained to her manager Cia [LNU] about not being able to take breaks to express breast milk without constant backlash and harassment, Plaintiff BOUZEKRI would only be subjected to further harassment and humiliation for needing such breaks.

45. Defendants' discrimination continued throughout the entire duration of Plaintiff BOUZEKRI's employment with Defendants, and Plaintiff BOUZEKRI was ultimately fired by her manager Cia [LNU] from her position as a manager of Defendants' Restaurant in January 2020.

46. Plaintiff BOUZEKRI's manager Cia [LNU] was aware of Plaintiff BOUZEKRI's need for such breaks and should have known that discrimination such as this is prohibited by law.

47. Therefore, through their conduct, Defendants knowingly and willfully violated NYSHRL, and NYCHRL on the basis of Plaintiff BOUZEKRI's sex.

48. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

49. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

50. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of FLSA.

52. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

53. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty (40) hours a week due to a fixed salary and time shaving.

54. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

55. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

56. Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

57. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

58. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to a fixed salary; unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

## COUNT II

### VIOLATION OF NEW YORK LABOR LAW

59. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

60. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

61. Defendants violated Plaintiff's and Class Members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to a fixed salary and time shaving, in violation of the NYLL.

62. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

63. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with wage notice, at date of hiring and annually thereafter, as required under the NYLL.

64. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members with proper wage statements as required under the NYLL. Defendants provided fraudulent wage statements that failed to accurately reflect the number of hours worked and the proper compensation for Plaintiff and Class Members.

65. Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to a fixed salary; unpaid wages, including overtime, due to time shaving; unpaid spread of hours premiums; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

### COUNT III

### DISCRIMINATION IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

**(New York State Executive Law § 296 *et seq*.)**

66. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

67. New York State Human Rights Law ("NYSHRL") provides: "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." New York State Executive Law § 296(1)(a).

68. The New York State Human Rights Law not only prohibits sex discrimination generally, but also makes it "an unlawful discriminatory practice for an employer … to refuse to provide reasonable accommodations to the … pregnancy-related conditions … of an employee." N.Y. Exec. Law § 296(3)(a)-(b).

69. Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff BOUZEKRI's protected rights under NYSHRL.

70. As a direct and proximate result of Defendants' unlawful acts in violation of NYSHRL, Plaintiff BOUZEKRI has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees.

## COUNT IV

### DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY HUMAN RIGHTS LAW

71. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

72. New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment on the basis of sex, providing that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

The New York City Administrative Code § 8-107(1).

73. At all relevant times, Defendants had at least four (4) persons in their employ. Plaintiff BOUZEKRI was an employee and qualified person within the meaning of NYCHRL and Defendants are covered employers under NYCHRL.

74. Defendants operated a business that discriminated against Plaintiff BOUZEKRI in violation of NYCHRL. The New York City Human Rights Law makes it "an unlawful discriminatory practice" for any private employer to refuse a reasonable accommodation to an employee for "pregnancy, childbirth or related medical condition." N.Y.C. Admin. Code § 8-107(22)(a).

75. Under NYCHRL, an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. NYCHRL provides in relevant part:

> (a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.
> (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
>     (1) the employee or agent exercised managerial or supervisory responsibility; or
>     (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

> (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

Administrative Code § 8-107(13)

76. Here, Plaintiff BOUZEKRI's manager Cia [LNU] was a supervisor in a managerial capacity who had the ability to set employee schedules and terminate employees. Plaintiff BOUZEKRI's manager Cia [LNU] discriminated against Plaintiff BOUZEKRI solely because of Plaintiff BOUZEKRI's recent childbirth and need to express breast milk.

77. Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff BOUZEKRI's protected rights under NYCHRL.

78. As a direct and proximate result of Defendants' unlawful acts in violation of NYCHRL, Plaintiff BOUZEKRI has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to a fixed salary due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime, due to Defendants time shaving policy due under the FLSA and NYLL;

e. An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

f. An award of unpaid "spread of hours" premium due under the NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the FLSA;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the NYLL;

j. An award of compensatory damages for Plaintiff BOUZEKRI's emotional suffering as a result of Defendants' unlawful discriminatory practices, pursuant to NYSHRL and NYCHRL;

k. An award of punitive damages for Defendants' unlawful discriminatory practices, pursuant NYSHRL, and NYCHRL;

l. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

m.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

n.  Designation of this action as a class action pursuant to F.R.C.P. 23;

o.  Designation of Plaintiff as Representative of the Class; and

p.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 31, 2022

Respectfully submitted,

**LEE LITIGATION GROUP, PLLC**

By:   */s/ C.K. Lee*
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*